IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT WARDRICK                *
            Plaintiff
         v.                     *   CIVIL ACTION NO. AMD-07-1372

SPECIAL AGENT THOMAS LOVE    *
OFFICER JOHN KELLY
OFFICER SHAUN GARRITY        *
DETECTIVE ROBERT OVERFIELD
          Defendants       *
                             ***

MEMORANDUM

On September 17, 2002, Robert Wardrick ("Wardrick") was sentenced to concurrent 300 and 120 month terms in the Federal Bureau of Prisons for firearms violations under 28 U.S.C. § 922(g)(1) and 26 § 5861(d). *See United States v. Wardrick*, Criminal No. MJG-01-0217 (D. Md.). The convictions were affirmed on appeal. On August 23, 2004, Judge Marvin J. Garbis dismissed Wardrick's 28 U.S.C. § 2255 motion to vacate with prejudice. *See Wardrick v. United States*, Civil Action No. MJG-03-3592 (D. Md.). The appeal was dismissed by the Fourth Circuit. On June 15, 2005, Wardrick's second § 2255 motion was dismissed without prejudice as successive. *See Wardrick v. United States*, Civil Action No. MJG-05-1551 (D. Md.).

Wardrick is confined at the United States Penitentiary ("USP") in Beaumont, Texas. On May 18, 2007, the court received Wardrick's 42 U.S.C. § 1983 complaint filed against an agent of the Bureau of Alcohol, Tobacco & Firearms and officers from the Baltimore City and Baltimore County Police Departments.[1] Paper No. 1. He seeks to: (1) overturn his federal conviction and to "retract the no knock search and seizure warrant;" (2) have the defendants prosecuted for breaking

---

[1]Plaintiff previously filed a complaint against the same defendants, *Wardrick v. United States,* Civil Action No. AMD-03-319 (D. Md.), which was dismissed without prejudice on February 11, 2003. The judgment was affirmed by the Fourth Circuit. *Wardrick v. United States*, 69 Fed. Appx. 647 (4th Cir. 2003).

into his home and pointing weapons at him and his family; and (3) be awarded $100,000,000 in

damages.  Paper No. 1. Affording the pro se complaint a generous construction, Wardrick claims

that information relied on by defendants to execute the warrant and to search his home was

inaccurate.  Because he appears indigent, Wardrick's motion to proceed in forma pauperis shall be

granted.

To the extent that Wardrick is seeking damages with regard to the constitutionality of his

convictions, the case shall be summarily dismissed without prejudice as his § 1983 complaint is not

cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Muhammad v. Close*, 540 U.S.

749, 750-51  (2004). Insofar as Wardrick seeks to vacate his 2002 firearms convictions in this court,

his claims are properly filed in a § 2255 motion and are to be presented to the sentencing court. *See*

*Kaminsku v. United States*, 339 F.3d 84, 86 (2d Cir. 2003); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir.

1997). However, Wardrick is precluded from seeking successive collateral relief  under§ 2255

without permission of the Fourth Circuit.[2]  *See* 28 U.S.C. § 2244(b).

For the above reasons, this action shall be dismissed without prejudice.

Date: June 6, 2007                                    ____/s/_____
                                                              Andre M. Davis
                                                              United States District Judge

---

[2]Insofar as Wardrick seeks to challenge his federal convictions pursuant to 28 U.S.C. § 2241, this court lacks jurisdiction over the matter. Personal jurisdiction over a § 2241 habeas corpus petition lies in the federal district court where the petitioner is incarcerated or in the federal district court where the petitioner's custodian is located. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973). Wardrick is confined at the USP in Beaumont, Texas and his custodian, or the person who has the day-to-day responsibility for his custody, would be the warden/superintendent at that facility. Therefore, assuming that Wardrick may seek § 2241 relief to attack his federal convictions, this court lacks personal jurisdiction over the matter.